WILLIAM B. GRIMES DRY GOODS COMPANY v. C. W. JORDAN AND PETER NEUDOERFER.

### No. 1S.

1. EVIDENCE—*Representations Concerning Financial Condition.* C., an attorney, at the request of D., made a written statement to D. of the attorney's opinion of the financial condition of J.—the amount of capital in his business, value of his real estate, his other means, amount of stock he carried, and the character of J. *Held,* That C. was the agent of D., that the statement was merely the conclusion of C., and that such written statement was incompetent.

2. ――― *Statements of Opinion Incompetent, When.* In an action by the vendor to obtain possession of goods, on the sole ground that the vendee has obtained the goods by false and fraudulent representations, such vendor cannot rely upon such representations as amount only to statements of opinion, judgment, probability, or expectation. *Held,* That where all of the representations proven were of such nature and character, the court properly refused evidence offered for the purpose of showing such representations to have been false and untrue.

Error from Clay district court; R. B. SPILMAN, judge. Opinion filed January 27, 1898. Affirmed.

*F. L. Williams*, for plaintiff in error.

*F. B. Dawes*, for defendants in error.

The opinion of the court was delivered by

McElroy, J. : The plaintiff dry-goods company commenced this action in replevin against C. W. Jordan and Peter Neudoerfer for the recovery of dry-goods of the alleged value of $618.89. The plaintiff is a wholesale merchant of Kansas City, Mo., and the defendant Jordan was a retail merchant at Clay Center. Jordan purchased from the plaintiff the property in controversy on credit. The plaintiff in error in the trial court, and here, contends that at the time of the sale and purchase of the goods, and previous thereto, Jordan made certain representations to the plaintiff in person, and to the agent and employees of the plaintiff, which were communicated to and relied upon by the plaintiff in making the sale of the goods in question ; that the representations so made by Jordan and relied upon by the plaintiff were false and fraudulent ; that thereby Jordan wrongfully and fraudulently induced the plaintiff to part with the possession of the property ; and that for that reason the plaintiff elected to rescind the sale, and commenced this action March 7, 1890, for the recovery of the property. The case was tried by the court, without a jury, and the findings and judgment were for the defendant. A motion for a new trial was filed, overruled, and exceptions taken, and the case is presented to this court for review.

The plaintiff in error contends that the court erred in ruling out evidence offered on the part of the plaintiff in error. The record shows that the sale and purchase of the goods in question were made on the 6th

13—7 KAN. APP.

day of February, 1890.   About the 1st day of February the plaintiff in error wrote to one C. C. Coleman, an attorney at Clay Center, for a statement as to the financial standing of Jordan.   Coleman applied to Jordan for a statement of his financial condition, and was informed by him that some time previous he had made the Dun Mercantile Agency a written statement of his financial condition, and that he did not care to make another statement at that time.   There is no evidence of the contents of the statement so made to the mercantile agency.   Thereupon Coleman, after some conversation with Jordan, informed the dry-goods company in a written statement that

"C. W. Jordan owns capital in business, $10,000; real estate, $8000; other means, $5000; (no incumbrance.)   Total, $23,000.   Carries stock of about $20,-000; first-class man, in every way safe."

The plaintiff offered this statement in evidence, which was excluded by the court.   The statement was not made by Jordan, with his knowledge, nor did he know the contents thereof, but appears to be the conclusions of the witness Coleman, and is therefore the representation of plaintiff's agent.   The evidence was properly excluded as incompetent.

This action was brought by the plaintiff, the vendor, to obtain possession of the goods, on the sole ground that the vendee had obtained them by false and fraudulent representations.   The evidence of fraudulent representations and fraud is found in the evidence of witness Dollins, the traveling salesman who took the order for the goods, and in the evidence of witness Swofford, an officer and the credit man of the dry-goods company.

Dollins testified to a conversation had with Jordan on the 22d day of December, 1889, as follows:

"Ques.   You may state what the conversation was

between you and Mr. Jordan at the time he made the representation to you which you communicated to the dry-goods company. Ans. That he paid cash for his goods, is what Mr. Jordan represented to me.

"Q. Did he say anything about discounting his bills? A. Yes, sir; he did. He said he discounted most of them, and his discount about paid his expenses. He always claimed that while I was trading with him.

"Q. You may state, Mr. Dollins, what you communicated to Mr. Swofford, and under what circumstances you gave it to him. A. The conversation of the 1st of January?

"Q. Yes, sir. A. He just simply asked me the question if I thought Jordan was fixing to bust on us up there, as he claimed to be paying cash for what goods he was buying."

Swofford testified as follows:

"Ques. Did you receive information from Mr. Dollins concerning Mr. Jordan's financial condition about the 1st of January, 1890? Ans. Yes, sir; Mr. Dollins was in the house at that time and preparing to start out on another year for the house, and we talked the matter over regarding Mr. Jordan at that time. He stated to me that Mr. Jordan said he intended to discount all of his bills, and that he had been discounting them with us.

"Q. State whether you had any conversation with Jordan himself prior to that time. A. Yes, sir; in May or June, 1889.

"Q. State the conversation at that time in regard to Jordan's financial standing. A. Jordan said he was pleased to meet me; that he had been buying goods from me. I asked him how he was financially, and he said he was in good shape, and that he expected to discount all his bills, and that he carried a stock of about $20,000 and was in good shape."

The representations of Jordan were: (1) That he paid cash for goods; (2) that he discounted most of his bills; (3) that such discounts about paid his ex-

penses ; (4) that he intended to discount all of his bills ; (5) that he had been discounting them with plaintiff ; and (6) that he carried a stock of about $20,000 and was in good shape. These representations are very meager, indefinite, and uncertain : (1) "That he paid cash for goods." The purchase on time and talk of discounting most of his bills showed this statement to be untrue in fact. (2) "That he discounted most of his bills." The truth of this is substantially admitted by the plaintiff. (3) " That such discounts about paid his expenses." There was no evidence of the amount of the expenses or amount of discount. (4) "That he intended to discount all of his bills." A mere surmise, on which no one had a right to rely. (5) " That he had been discounting his bills with plaintiff." The plaintiff knew as much about the truth of this statement as did the defendant. (6) The statements were made in June, 1889, and were mere conclusions, not statements of fact upon which one has a right to rely.

The rejected evidence of which complaint is made was that offered for the purpose of showing that these representations were false and untrue. These representations merely amount to a statement of opinion, judgment, probability, or expectation. They are vague and indefinite in their nature and terms. A man is not justified in relying upon such statements made under such circumstances. The court did not err in refusing to permit the plaintiff to show the falsity of these representations. The offered evidence was properly refused. There is no error in the record which could affect the substantial rights of plaintiff in error. The judgment must be affirmed.